JOHN KASICIA *et al. vs.* JOHN KOSTKA *et al.*

JUNE 25, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action in assumpsit against the makers of a promissory note was heard by a justice of the superior court sitting without a jury. The case is before us on the defendants' exceptions to a decision for the plaintiffs for $1735.70, and to a ruling during the trial. This last exception being neither briefed nor argued is deemed to have been waived.

The note in evidence, which is typewritten on a sheet of paper with the watermark "A Coupon Bond", reads as follows: "KNOW ALL MEN BY THESE PRESENTS, that we, John Koscka, and his wife, Aniela Koscka, having at various times previous to the date of these presents received the sum of one thousand fifteen dollars ($1,015) from John

Kasicia, and his wife, Julia Kasicia, do hereby promise to pay to the said John and Julia Kasicia, with interest at 6%, the said sum of one thousand fifteen dollars ($1,015) upon the termination, successful or otherwise, of an action now pending in the Superior Court of Bristol County, Massachusetts, and begun by Joseph and Rose Boruk, husband and wife, against us. Witness our hands and seals at Fall River, Massachusetts this 11th day of August, 1925." The note bears the signature of "John Koscka", by mark, witnessed by "Joseph Andrews", and the signature of "Aniela Kostka", witnessed by "Martin Libuka."

An exemplified copy of the record of the superior court of Bristol county, Massachusetts, in the action of Joseph Boruk and Rose Boruk against Jan Koscka and Aniela Koscka, was put in evidence by the plaintiff. The final entry in such record is as follows: "On Sept. 3, A. D. 1932 the above entitled case was dismissed under Rule 62 of the Superior Court (1923) for failure to prosecute." The writ in the instant case is dated November 15, 1935.

The plaintiffs here rested their case after putting in evidence the note and exemplified record of the Massachusetts court in the Boruk case. The defendants contended that the note was without consideration. Their testimony, in substance, is that the plaintiffs promised to give them $1000 to adjust a pressing mortgage situation then in litigation; that they gave the note to Kasicia on his promise that he would give them the $1000 the next day; that, when John Koscka called at Kasicia's house the next morning, the latter told him that he had changed his mind about giving him the money and that he had burned the note. There is testimony by some witnesses, who were related to or closely connected with the defendants, that John Koscka made these alleged statements concerning the burning of the note.

In cross examination John Koscka admitted that, in company with John Kasicia, he went to a Fall River attorney of his own choosing, whose name he could not recall, and

that this attorney prepared the note at his request; that the attorney read the note to him and that he understood its contents before he signed it. He denied that one Joseph Andrews acted as interpreter for him and that he witnessed his signature to the note. John Koscka was at a loss to explain why the note referred to prior loans or why it was made out for $1015, when he expected a loan of $1000.

In rebuttal of the defendants' claim, the plaintiffs presented testimony tending to show that, during the three years prior to the execution and delivery of the note, they had loaned the defendants money at different times and in amounts; that the note in question was given to them in acknowledgment of those loans; and that the $1000 mentioned by the defendants had reference to an additional loan in that sum which the defendants subsequently requested and they had refused. There was considerable conflicting testimony as to the financial condition of the parties during the three years prior to the giving of the note under consideration.

Joseph Andrews, who was called as a witness by the plaintiffs, testified that he was a deputy sergeant of the Fall River police; that he had known John Koscka for some twenty-five years and had acted as interpreter for him on different occasions during that time; and that he did not know John Kasicia before August 11, 1925, the date of the note in question. He further testified that on that day Koscka asked the witness to go with him to an attorney and act as his interpreter, as Koscka wanted a note drawn for money that he had borrowed from Kasicia, who was then with him; that the witness consented to assist Koscka and that they all went to the office of an attorney, whose name he did not recall, where the note was prepared as requested by Koscka; that, before the note was signed, he read and explained it to Koscka, and that the latter, expressing himself as fully satisfied, signed the note and he witnessed the signature.

This witness also testified that he came to Providence on a previous assignment of the case, and that, while waiting for the case to be called, he met Koscka. His testimony concerning this meeting is as follows: "I (Andrews) met Mr. Koscka in the corridor of this courthouse here and he told me that if I went in to testify he would fix me. I said to him 'Go right ahead, do anything you want.' He said, 'I won't stop until I have you off the job you are on now.' As a result of that there has been a letter to the Chief of Police." Q. "Did you see the letter?" A. "I did, Sir." Q. "From whom was the letter? A. "From Mr. Koscka's attorney."

This summary of the evidence, from a none-too-clear transcript, is sufficient for our purposes without going into further detail. The trial justice, in finding for the plaintiffs, explicitly stated that he did not believe the defendants or their witnesses and carefully pointed out his reasons for rejecting their testimony. The evidence in this case is strongly conflicting. Its weight in favor of one party or the other depends on the wording of the note and the credibility of the testimony in reference thereto. The trial justice, who had the advantage of seeing and hearing the witnesses testify, decided for the plaintiffs. In our judgment, on the facts disclosed by the evidence in the instant case, such decision was not clearly erroneous and therefore, under our well-established rule, it will not be disturbed by us.

The defendants' exception is overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Max Winograd, William J. Carlos,* for plaintiffs.
*Joseph G. Le Count, Joseph A. Hammill,* for defendants.